# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

*WILLIAM JOSEPH SOMERS,*
*Plaintiff, v.*

*CITY OF WEST BEND; OFFICER MITCHELL WELKER; OFFICER SAMANTHA M. HUEMPFNER; SGT. JUSTIN R. HILL; OFFICER BRANDON M. WICKE; WEST BEND POLICE DEPARTMENT OFFICERS JOHN DOES 1–6; WASHINGTON COUNTY; and WASHINGTON COUNTY DHS/ACS EMPLOYEES JOHN/JANE DOES 11–20,*
*Defendants.*

Case No. _____ 26-C 0028

## COMPLAINT

(Jury Trial Demanded)

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction lies under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events occurred in Washington County, Wisconsin.

## II. PARTIES

3. Plaintiff **William Joseph Somers** is a Wisconsin resident.

4. Defendant **City of West Bend** is a municipal corporation operating the West Bend Police Department ("WBPD").

5. Defendants **Mitchell Welker, Samantha M. Huempfner, Justin R. Hill, and Brandon M. Wicke** are WBPD officers who participated in the events described herein.

6. Defendants **WBPD John Does 1–6** are additional WBPD officers whose identities will be learned in discovery.

7. Defendant **Washington County** is a Wisconsin county.

8. Defendants **Washington County DHS/ACS John/Jane Does 11–20** are county employees who participated in shelter-care placement and related actions described herein.

### III. FACTUAL ALLEGATIONS

**A. Two Warrantless Custodial Arrests in 2024**

9. **January 8, 2024 Arrest.** WBPD officers conducted a warrantless custodial arrest of Plaintiff at his residence in West Bend, Wisconsin. Plaintiff was handcuffed, transported, and booked into the Washington County Jail on a disorderly-conduct allegation. The Washington County District Attorney declined to prosecute. No conviction resulted.

10. **August 23–24, 2024 Arrest.** WBPD officers again conducted a warrantless custodial arrest of Plaintiff at the same residence. Plaintiff was handcuffed, transported, and

2

booked into the Washington County Jail on allegations including disorderly conduct and physical abuse of a child. On August 26, 2024, the Washington County District Attorney formally declined to issue criminal charges. No conviction resulted.

11. On both occasions, Plaintiff was subjected to custodial seizure without a warrant.

### B. Shelter-Care Removal and Loss of Parental Association

12. Immediately following the August 23–24, 2024 arrest, Washington County DHS/ACS removed Plaintiff's minor son, **Vincent Somers**, from Plaintiff's custody and placed him into shelter care.

13. Vincent remained in shelter care from **August 24, 2024 through October 24, 2024**.

14. Plaintiff was not provided a full evidentiary hearing prior to the removal and was prevented from normal parenting contact during this period.

15. Plaintiff was compelled to sign a shelter-care payment agreement and incurred approximately **$1,500** in shelter-care charges, **$60** in Humane Society impoundment fees for his dog, and approximately **$400** in lost overtime wages, among other losses.

### C. Reliance on Internal Record Systems (Current Executive-Branch Use)

16. In 2024, WBPD and Washington County DHS/ACS relied upon **internal law-enforcement and human-services record systems** containing historical entries originating from prior county proceedings when making arrest and shelter-care determinations regarding Plaintiff.

3

17. Defendants' reliance on such internal record systems in 2024 formed part of the basis for the arrests and the shelter-care placement described above.

18. Plaintiff disputes the accuracy and provenance of portions of the historical entries contained in those internal systems and alleges that Defendants nevertheless relied upon them in modern time **without providing pre-deprivation evidentiary process.**

## IV. CLAIMS FOR RELIEF

### COUNT I — Fourth Amendment (Unreasonable Seizure)

*(Against Welker, Huempfner, Hill, Wicke, John Does 1–6, and City of West Bend)*

19. Defendants conducted two warrantless custodial arrests of Plaintiff in 2024, handcuffed and jailed him, and initiated criminal processes that terminated without charges.

20. These seizures were unreasonable and without probable cause, violating Plaintiff's clearly established Fourth Amendment rights.

21. Plaintiff suffered loss of liberty and damages.

### COUNT II — Fourteenth Amendment (Interference with Familial Association)

*(Against Washington County and DHS/ACS John/Jane Does 11–20)*

22. Defendants, acting under color of state law, removed Plaintiff's minor son and placed him in shelter care from August 24, 2024 through October 24, 2024, preventing normal parenting contact.

4

23. This state action substantially interfered with Plaintiff's clearly established fundamental right to familial association.

24. Plaintiff suffered concrete damages including separation, financial losses, and emotional distress.

## COUNT III — Fourteenth Amendment (Procedural Due Process)

*(Against Washington County and DHS/ACS John/Jane Does 11–20)*

25. Defendants deprived Plaintiff of liberty and property interests by removing his minor son and imposing financial obligations **without providing a full evidentiary hearing prior to removal** and **by relying on internal record systems** without adequate pre-deprivation safeguards.

26. Defendants' actions violated Plaintiff's procedural due-process rights.

## COUNT IV — Monell Liability (City of West Bend)

27. The constitutional violations were caused by municipal policies, customs, and/or practices of the City of West Bend, including:

a. Reliance on internal record systems to justify warrantless arrests and referrals;

b. Inter-agency pipelines between WBPD and DHS/ACS that result in removal actions without adequate pre-deprivation safeguards;

c. Failure to train and supervise officers regarding constitutional requirements.

5

28. These policies, customs, and practices were moving forces behind Plaintiff's injuries.

### COUNT V — Monell Liability (Washington County)

29. Washington County maintained policies, customs, and/or practices that permitted child removal, shelter-care placement, and cost-shifting to occur without pre-deprivation evidentiary safeguards and while relying on internal record systems.

30. These policies and practices were moving forces behind Plaintiff's constitutional injuries.

## V. DAMAGES

31. Plaintiff seeks compensatory damages for loss of liberty, interference with familial association, financial losses (including shelter-care fees, impoundment fees, and lost wages), emotional distress, declaratory and injunctive relief, and costs.

## VI. JURY DEMAND

32. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment in his favor; compensatory and punitive damages; declaratory and injunctive relief; costs and fees; and such other relief as the Court deems just and proper.

6

# VERIFICATION

I, **William J. Somers**, declare under penalty of perjury that the foregoing Complaint is true and correct **based on my personal knowledge and official government documents.**

Executed on January 07, 2026.

_____
William J. Somers
Dated: January 07, 2026


Respectfully submitted,

_____
**William J. Somers**
704 S. Indiana Ave. #8
West Bend, WI 53095
kidsomers@yahoo.com
(262) 323-3984

Plaintiff, Pro Se