UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WILLIAM J SOMERS,

        Plaintiff,

  v.

CITY OF WEST BEND, et al,

        Defendants.

Case No. 26-cv-0028-bhl

---

# SCREENING ORDER
---

      On January 8, 2026, Plaintiff William Somers, proceeding without an attorney, filed a complaint against the City of West Bend, various named West Bend Police Department (WBPD) officers, various unknown WBPD officers, and various unknown Washington County employees who "participated in shelter-care placement" of Somers's child. (ECF No. 1.) Somers also filed a motion to proceed *in forma pauperis* (IFP) and then, on January 22, 2026, updated that motion in light of a significant change in his financial circumstances. (ECF Nos 2; 5; 6.) On January 28, 2026, Somers filed a motion "for temporary injunction," a notice of related matter, and a motion requesting an order to preserve evidence. (ECF Nos. 7– 9.) The matter is now before the Court for consideration of Somers's IFP motion and the screening of his complaint.

## IFP MOTION

      The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *Cf.* 28 U.S.C. §1915(a)(1). Somers submitted a signed affidavit identifying his assets and financial obligations. (ECF No. 2.) He then modified his motion to proceed IFP with a notice explaining that he was no longer employed. (ECF No. 5.) This notice also included an amended application to proceed IFP and signed affidavit, but this amended application did not reflect that he had lost his income. (*See* ECF No. 6.) It was also dated January 27, 2026, despite being submitted on January 22, 2026. (*Id.* at 2.) Somers was earning a wage of $36.00 per hour and states that his take-home wages were $6,336.00 per month. (*Id.* at 1.) He owns two vehicles,

one of which currently has serious damage, but he asserts the vehicles have a total value of between $6,000 and $8,000 dollars. (*Id.* at 2.) He holds some "crypto tokens" with a current value of $1,400 and has $45 in cash or in an account. (*Id.* at 1–2.) He owes a $5,000 judgment for attorney's fees related to issues involving his claim, $1,500 in unpaid rent, $900 in credit card bills, and $3,000 in student loans. (*Id.* at 2.) He does not have any dependents. (*Id.*) He pays $865 per month in rent, $1,200 per year to insure his two vehicles, and has extensive costs related to the care of his two small elderly dogs. (*Id.*) Assuming that Somers has lost his income, as represented in his notice to the Court, the Court will grant his motion to proceed IFP. This ruling is subject to reconsideration if the statements set forth in Somers' submissions to the Court prove inaccurate.

## SCREENING THE COMPLAINT

The Court also has the authority to screen a *pro se* complaint. *Cf.* 28 U.S.C. §1915(e)(2). In doing so, the Court examines the complaint to determine whether the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. *Id.* In screening the complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Somers alleges that he was arrested without a warrant in his home on January 8, 2024 and brought to the Washington County Jail on a "disorderly conduct allegation." (ECF No. 1 ¶9.) He was not prosecuted following this event. (*Id.*) He was arrested in his home again, also without a warrant, on August 23 or August 24, 2024. (*Id.* ¶10.) He was again brought to the Washington County Jail, this time on "allegations including disorderly conduct and physical abuse of a child." (*Id.*) The Washington County District attorney "formally declined to issue criminal charges[]" on August 26, 2024. (*Id.*)

The day of his August arrest, Somers's minor son, V.S., was removed from his custody and placed in shelter care until October 24, 2024. (*Id.* ¶¶12–13.) Somers was not provided a full evidentiary hearing before V.S.'s removal, and "was prevented from normal parenting contact" during that period. (*Id.* ¶14.) He "was compelled to sign a shelter-care payment agreement" and incurred roughly $1,500 in shelter care charges, impoundment charges from the Humane Society for his dog, and lost overtime wages. (*Id.* ¶15.) Both the WBPD and Washington County relied on internal law enforcement and human services record systems "containing historical entries originating from prior county proceedings when making arrest and shelter-care determination" involving these incidents. (*Id.* ¶¶16–17.) Somers disputes the accuracy of the historical entries. (*Id.* ¶18.) Somers names individual officers as defendants but does not identify who arrested him on which date, or any of the circumstances leading to the arrests.

## ANALYSIS

Somers asserts multiple claims under 42 U.S.C. §1983. (*Id.* ¶1.) His complaint alleges that he was arrested twice in violation of the Fourth Amendment by WBPD Officers Mitchell Welker, Samantha Huempfner, Justin Hill, Brandon Wick, and six other unknown police officers, and that the City of West Bend is liable under *Monell v. Department of Social Services*, 346 U.S. 658 (1978), for these violations. (*Id.* at ¶¶19–21, 27–28.) He attempts to bring a substantive due process claim, asserting that various unknown Washington County Human Services employees interfered with his familial association in violation of the Fourteenth Amendment by removing his minor son from his care. (*Id.* ¶¶22–24.) He also attempts to assert a procedural due process claim under the Fourteenth Amendment, asserting that unnamed Washington County Human Services employees removed his child from his custody without affording him due process, and that Washington County is liable under *Monell* for both these violations. (*Id.* ¶¶25–26, 29–30.)

For purposes of screening, Somers has alleged enough facts to proceed on his Fourth Amendment claim against the Defendant WBPD Officers. He has not alleged enough facts to support his other claims.

The Court will allow Somers to proceed with his Fourth Amendment claims against the WBPD Officers based on allegations that he was arrested without a warrant at his home. To state claims under Section 1983, Somers must identify a person or persons acting under color of law who violated his federal rights. *Gibson v. City of Chicago*, 910 F.2d 1510, 1519–20 (7th Cir. 1990). Police officers are persons acting under color of law and may thus be held liable under Section 1983. And warrantless arrests in homes are presumptively unconstitutional unless some valid exception to the warrant requirement applies. U.S. Const. amend. IV; *see Payton v. New York*, 445 U.S. 573, 576 (1980). Somers's complaint includes minimal detail, and it may well be that some exception to the warrant requirement allowed the officers to arrest him without a warrant. But that is a question to be addressed later, not in the initial screening of his complaint.

Although Somers's Section 1983 Fourth Amendment claim may proceed, he has not alleged facts to support municipal liability. To state a municipal liability claim under Section 1983, a plaintiff must allege that he suffered a constitutional injury, and that the municipality authorized or maintained a custom of approving the unconstitutional conduct. *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014) (citing *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994)). Mere legal conclusions that the municipality is liable are not enough; the complaint must include facts supporting those conclusions. *Iqbal*, 556 U.S. at 678. To show liability under *Monell*, Somers must allege some facts that support an inference that the City of West Bend authorized or maintained the custom of conducting warrantless arrests in home, in violation of the Fourth Amendment. The only facts proffered about the city of West Bend are that its police department used an internal records system, had some unspecified "inter-agency pipeline[]" between the police department and the county's human service department, and failed to train officers. (ECF No. 1 at ¶¶27.) These allegations are simply too vague and conclusory to support a claim or put the municipality on notice of any policy or practice that allegedly violated the Fourth Amendment. *See* Fed. R. Civ. P. 8.

Somers has also failed to allege facts sufficient to support claims for violations of his Fourteenth Amendment substantive or procedural due process rights. Somers seeks to hold John Doe Washington County officers liable for removing his son and placing him in shelter care,

violating his substantive due process rights. (ECF No. 1 ¶¶22–24.) Somers's substantive due process claim is framed as "Interference with Familial Association." (*Id.* at 4.) Parents have a recognized fundamental right to make decisions concerning the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57 (2000). That right, however, is not absolute; in certain instances, the state may remove children from their custodial parents' care. *See Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1020 (7th Cir. 2000). But the state's authority to do so is limited; "courts have recognized that a state has no interest in protecting children from their parents unless it has some definite and articulable evidence giving rise to a reasonable suspicion that a child has been abused or is in imminent danger of abuse." *Id.* at 1019.

Somers provides no detail about the circumstances under which his child was removed, except that he was removed following Somers's August 2024 arrest. Without any facts about the unknown Washington County employee defendants' alleged conduct, the Court has no ability to infer whether the removal was reasonable or not. *Cf. id.* at 1012, 1019 (finding substantive due process claim survived motion to dismiss based on allegations that the defendants knew allegations of child abuse were false and conspired to cause the child plaintiff's removal); *cf. Young v. Sproat*, 2015 WL 8215485, at *3 (C.D. Ill. Dec. 8, 2015) (finding *pro se* plaintiff stated a claim for deprivation of her parental rights based on allegations that state officials made false statements to deprive her of custody of her children) Similarly, the complaint also does not provide sufficient notice to the unnamed Washington County Employee defendants of what they are accused of doing to violate Somers's constitutional rights. *See* Fed. R. Civ. P. 8(a).

Somers maintains that the removal of V.S. also violated his procedural due process rights because he was not "provid[ed] a full evidentiary hearing prior to removal" and because the John Doe Defendants "rel[ied] on internal record systems." (ECF No. 1 ¶25.) As stated above, the state may remove children under certain circumstances. In such instances, procedural due process is required, except in emergencies that require children to be immediately removed. *Brokaw*, 235 F.3d at 1020. To provide sufficient process, the State must generally provide an opportunity for the parent to be heard at a meaningful time and in a meaningful manner before the child is removed from his or her custody. *Id.* (citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). Somers alleges that he was not provided with a "full evidentiary hearing" before his minor child was placed in "shelter care" and that he was prevented from having "normal parenting contact" during this period. (ECF No. 1 ¶¶12–14.) But his allegations do not indicate whether he did not receive *any*

hearing or why whatever hearing or process he did receive was inadequate. Either way, without factual support or explanation, the Court cannot infer that he was deprived of custody improperly. Similarly, Somers's factual allegations are too vague to provide the unnamed Washington County human services department employees with notice of how they allegedly violated Somers's rights.[1] Fed. R. Civ. P. 8(a).

Somers has also failed to allege facts sufficient to support a *Monell* claim against Washington County. First, because he failed to allege enough facts to support his underlying claim that Washington County employees violated his constitutional rights, his *Monell* claim must also fail. *Petty,* 754 F.3d at 424 (citing *Thompson*, 33 F.3d at 859). Second, even if one of his underlying Fourteenth Amendment claims survived, Somers only alleges that Washington County relied on "internal law-enforcement and human-services record systems" and that this reliance contributed to his rights being violated. (ECF No. 1 ¶¶29–30.) This is, again, too conclusory, and vague to provide notice to Washington County of what unconstitutional conduct it condoned. *See* Fed. R. Civ. P. 8(a).

Accordingly, Somers may only proceed with his Fourth Amendment claim against Welker, Huempfner, Hill, Wicke, and the unknown defendants. Because Somers does not know the names of all the defendants he is suing, the Court will add West Bend Chief of Police Tim Dehring for the limited purpose of helping the plaintiff identify the names of the unknown police officer defendants involved in Somers's arrests. *See Donald v. Cook Cnty. Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir. 1996). The Court will order the Marshals to serve Chief Dehring with Somers's complaint and a copy of this order. Chief Dehring does not have to respond to the complaint. After Chief Dehring's lawyer files an appearance in this case, Somers may serve discovery upon Chief Dehring (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants. For example, Somers may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Somers does not state a claim against Chief Dehring, his discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. Somers may not ask Chief Dehring about any other topic, and Chief

---

[1] Somers's additional motions, ECF Nos. 7 and 9, relate to child protective services reports produced to him by various counties' departments of health and human services, and the Wisconsin Department of Children and families. As these motions relate to his dismissed claims, they will be denied as moot.

Dehring is under no obligation to respond to requests about any other topic. After Somers learns the names of the additional people he alleges violated his Fourth Amendment rights, he must file a motion to substitute their names for the John Doe placeholders. The Court will dismiss Chief Dehring as a defendant once the plaintiff identifies the defendants' names. After the defendants have an opportunity to respond to Somers's complaint, the court will set a deadline for discovery. At that point, Somers may use discovery to get the information he believes he needs to prove his claims. Somers must identify the names of the John Doe defendants within **sixty (60) days** of Dehring's attorney appearing. If Somers does not or does not explain to the court why he is unable to do so, the Court may dismiss the John Doe Defendants from this action based on his failure to diligently pursue his case against them. *See* Civil L. R. 41(c).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Somers's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 6, is **GRANTED**.

**IT IS FURTHER ORDERED** that Somers's earlier Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Somers's Complaint, ECF No. 1, is **DISMISSED in part**. Defendants City of West Bend, Washington County, and the unnamed Washington County employee Defendants are **DISMISSED**. Counts II (Fourteenth Amendment "Interference with Familial Association"), III (Fourteenth Amendment procedural due process), IV (*Monell* liability against City of West Bend), and V (*Monell* liability against Washington County) are **DISMISSED**.

**IT IS FURTHER ORDERED** that Somers's motion for temporary injunction, ECF No. 7, and motion for an order to preserve evidence, ECF No. 9, are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the United States Marshal to serve a copy of the complaint, waiver of service form and/or the summons, and this order on Defendants Mitchell Welker, Samantha M. Huempfner, Justin R. Hill, Brandon M. Wicke, and West Bend Chief of Police Tim Dehring under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for either the Court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§

0.114(a)(2), (a)(3). The U.S. Marshals will give Somers information on how to remit payment. The Court is not involved in collection of the fee. Somers is now required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to the opposing parties or their attorney. Somers should also retain a personal copy of each document. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendants or their attorneys. Somers is further advised that his failure to make a timely submission, including notifying the Court of any changes in address, may result in the dismissal of this case for failure to prosecute under Civil L. R. 41.

**IT IS FURTHER ORDERED** that Chief Dehring does not have to respond to Somers's complaint, he must respond only to Somers's limited discovery requests related to identifying the additional John Doe defendants as described in this order.

**IT IS FURTHER ORDERED** that the plaintiff must identify the real names of the Doe defendants within sixty days of Chief Dehring appearing in the case. If he does not or does not explain to the Court why he is unable to identify their real names, the court may dismiss his case against the John Doe Defendants based on his failure to diligently pursue his claim against them. *See* Civil L. R. 41(c).

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the complaint within the time allowed under the Federal Rules of Civil Procedure.

Dated at Milwaukee, Wisconsin on January 30, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
